### COLLINS v. A. LUBAN CO.

(Supreme Court, Appellate Term. February 9, 1911.)

1. SALES (§ 418*)—BREACH OF CONTRACT—ANTICIPATED PROFITS.

　　Where a manufacturer of artificial flowers ordered artificial roses from defendant at an agreed price, and defendant failed to deliver them, evidence of anticipated profits is inadmissible on the question of damages.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1195–1198; Dec. Dig. § 418.*]

2. SALES (§ 418*)—SPECIAL DAMAGES—FAILURE TO DELIVER.

　　Special damages for the failure to deliver goods may be considered within the contemplation of the parties only where the goods cannot be obtained from other sources and the purpose for which the goods were intended was known to both parties.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1195–1198; Dec. Dig. § 418.*]

3. SALES (§ 418*)—FAILURE TO DELIVER—ANTICIPATED PROFITS.

　　Where there was some evidence that at a particular time artificial roses, which defendant agreed to sell, could not be purchased in the general market, but there was no evidence that the defendant knew that the plaintiff intended, by adding a few leaves thereto, to increase their value more than 200 per cent., a verdict for the plaintiff for such profits was not justified.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1195–1198; Dec. Dig. § 418.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Harry Collins against the A. Luban Company. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Joseph Gans, for appellant.

Goldstein & Goldstein, for respondent.

LEHMAN, J. The plaintiff, a manufacturer of flowers, ordered 75 gross of artificial roses from the defendant, for which he agreed to pay the sum of $219.38. The roses were a common article, but the date of delivery was during the busy season for artificial flowers. The defendant failed to deliver the roses, and the plaintiff tried to buy other roses from various dealers; but they refused to furnish any, as they were too busy. The plaintiff was then permitted to show that he usually made up the roses into bunches and wreaths and sold them to the jobbers; that 75 gross of roses make 225 dozen wreaths; that the cost of making these wreaths is $130.40, and the expense of selling them $182.25; and that he therefore lost a profit of $470.34, or over 200 per cent., by the defendant's failure to deliver the roses.

I know of no rule or authority which permits a recovery of anticipated profits under such circumstances. Special damages may be shown only when they were in the contemplation of the parties. Special damages for a failure to deliver goods may be considered within the contemplation of the parties only where the goods cannot be obtained from other sources and the purpose for which the goods were intended was known to both parties. Delafield v. Armsby Co., 131 App. Div. 572, 116 N. Y. Supp. 71, affirmed on opinion below, 199 N. Y. 518, 92 N. E. 1083.

There is some evidence, though in my opinion hardly sufficient, to show that at this particular time the roses which defendant agreed to sell could not be purchased in the general market; but there is absolutely no evidence that the defendant knew that the plaintiff intended adding a few leaves to the roses, and thereby in some way increasing their value more than 200 per cent. Possibly he knew that the plaintiff was a manufacturer of some kind; but even the plaintiff testified that he sometimes tied the roses into bunches and sold them in that form, and there is no evidence that such a use of the roses is equally lucrative.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.